# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES L. KIRK,

    Plaintiff,

  v.                                                        Case No. 16-CV-799

TERRY ROSE, DIANE CASPARI,
AILEEN HENRY, HEATHER JOHNSON,
MICHAEL BARTH, DOUGLAS BIHLER,
PAUL BONNESON, ART HERBST,
PETER PERALES, JANE DOE 1,
NICOLE HEROLT, and BRAD HETLET,

    Defendants.

## DECISION AND ORDER ON MOTION TO ALTER JUDGMENT

On August 9, 2016, the Court granted plaintiff James L. Kirk's motion for leave to proceed without prepayment of the filing fee, screened Kirk's complaint, and dismissed this action for failure to state a claim. Kirk then filed a motion to alter judgment, which is now before me.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Further, "[m]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Id.* Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Kirk argues that the Court made legal errors in determining that his complaint failed to state a claim. He suggests that he can proceed against the public defenders and investigators, even though they are not state actors, because they conspired with state actors and were not acting in their traditional functions. However, Kirk does not indicate who the state actors were with whom the public defenders and investigators conspired.

Kirk broadly suggests that all of the defendants conspired to cover up facts and evidence about Alexia Bunzel's traffic stop and the no knock warrant for Kirk's residence. Again, though, these are the kind of "[v]ague and conclusory allegations of the existence of a conspiracy" that are "not enough to sustain a plaintiff's burden." *Evers v. Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001) (citing *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000)). As in *Evers*, Kirk invokes the term "conspiracy" numerous times, but "he [does] not specifically allege the 'what, when, why, and how' of the defendants' supposed agreement to deprive him of his constitutional rights." *Evers*, 21 Fed.Appx. at 250 (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000)).

Kirk insists that he has more than just broad allegations of conspiracy; he lists acts that said were done in furtherance of the conspiracy. Nevertheless, those acts (things he says his criminal defense attorneys failed to do) do not suggest any meeting of the minds with the state actors he named as defendants, who are employees at the Record Counter at the Kenosha County Public Safety Building and the Kenosha Police Department. The plaintiff does not allege any communications between or among his criminal defense attorneys and the Record Counter employees his son dealt with or the police lieutenant who responded to Kirk's open records request.

In his complaint, Kirk said that the defendants had an "express or implied agreement to deny the plaintiff effective, meaningful, and adequate access to the State trial court . . .." (Complaint, ¶ 99). Yet "[a] complaint consisting of nothing more than 'naked assertion[s] devoid of further factual enhancement,' must be dismissed for failing to meet the requirements of Rule 8." *Walton v. Walker*, 364 Fed.Appx. 256, 258 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). These are just the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice." *Iqbal*, 556 U.S. at 678.

Because Kirk has shown no manifest error of law in the Court's screening order, *see Obriecht*, 517 F.3d at 494, I will deny his motion to alter or amend the judgment. Kirk cannot transform his complaints about his criminal defense attorneys into a § 1983 claim by saying the word "conspiracy" and citing trouble he had obtaining public records. If Kirk truly believes that the actions of his attorneys and their investigators led to his criminal conviction, his recourse would be a legal malpractice claim in state court or an ineffective assistance of counsel claim in a petition for a writ of habeas corpus, not a § 1983 action.

**NOW, THEREFORE, IT IS ORDERED** that Kirk's motion to alter judgment (Docket #132) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of February, 2017.

> BY THE COURT:
>
> *s/Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge