# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES L. KIRK,

    Plaintiff,

  v.                                                                     Case No. 16-CV-799

TERRY ROSE,
DIANE CASPARI,
AILEEN HENRY,
HEATHER JOHNSON,
MICHAEL BARTH,
DOUGLAS BIHLER,
PAUL BONNESON,
ART HERBST,
PETER PERALES,
JANE DOE 1,
NICOLE HEROLT, and
BRAD HETLET,

    Defendants.

## RECOMMENDATION

On August 9, 2016, based on the plaintiff's consent to jurisdiction by a United States Magistrate Judge, I entered an Order screening plaintiff James L. Kirk's complaint and dismissing this case; judgment was entered the same day. I also denied Kirk's motion to alter judgment, and Kirk filed a Notice of Appeal on March 20, 2017.

On June 16, 2017, the Court of Appeals for the Seventh Circuit issued a decision in *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017), and determined that "unless all parties to the action have consented to the magistrate judge's authority to resolve the case finally, . . . [the magistrate judge] must 'issue proposed findings of fact and

conclusions of law to be reviewed de novo by the district court.'" *Id.* at 475 (quoting *Exec. Benefits Ins. Agency v. Arkison*, __ U.S. __, 134 S.Ct. 2165, 2168, 189 L.Ed.2d 83 (2014)).

On July 7, 2017, the Seventh Circuit cited *Coleman* when it determined that the plaintiff's consent alone did not give me authority to enter a final judgment in this case. The Seventh Circuit vacated the judgment in this case and remanded this case for further proceedings consistent with *Coleman*.

In accordance with *Coleman*, I now reissue the portion of my prior order screening the plaintiff's claims as a recommendation pursuant to 28 U.S.C. § 636(b)(1).

## SCREENING

Courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Courts must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

3

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Kirk presented a 31-page sworn complaint. He devotes most of the complaint to detailing the transgressions of seven private attorneys hired by the State Public Defender to represent him in his criminal case and the related appeal, as well as two privately employed investigators who assisted those attorneys. However, criminal defense attorneys, even those paid for by the State Public Defenders' Office are not state actors and cannot be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Kirk has no federal claim against defendants Terry Rose, Michael Barth, Diane Caspari, Aileen Henry, Heather Johnson, Douglas Bihler, Paul Bonneson, Art Herbst, and Peter Perales, and I recommend that they be dismissed.

I also recommend that the court not exercise supplemental jurisdiction over Kirk's state law intentional infliction of emotional distress claims. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if the district court "has dismissed all claims over which it has original jurisdiction").

The remainder of Kirk's claims relate to his son's attempts to obtain a "rap sheet" for a witness in Kirk's criminal case who Kirk believes was a confidential informant and Kirk's open records request to the Kenosha Police Department.

First, Kirk believes that his son got the "run-a-round" from defendants Jane Doe 1 and Nicole Herolt, clerks at the Record Counter in the Kenosha County Public Safety

Building. Even if there were irregularities in the way the requests were handled, actions these defendants took regarding requests by Kirk's son do not implicate Kirk's constitutional rights. I recommend that these defendants be dismissed.

Second, Kirk filed an open records request with the Kenosha Police Department for supplemental reports regarding a traffic stop with the believed confidential informant. Defendant Lt. Brad Hetlet, the open records custodian for the Kenosha Police Department, denied Kirk's request and wrote that the witness was not a confidential informant. According to Kirk, there is no blanket exception from release and Hetlet did not deny the request based on one of the authorized exceptions.

There is no federal review of Wisconsin open records request determinations. Rather, open records determinations are subject to review by mandamus under Wis. Stat. § 19.37(1) or upon application to the attorney general or a district attorney. Wis. Stat. § 19.35(4)(b). I recommend dismissal of Kirk's claims regarding his open records request.

Finally, Kirk makes general allegations that all of the defendants were part of a conspiracy to delay or deprive him of access to the courts. However, the facts asserted in the complaint do not rise above the speculative level or plausibly support such a claim. *See Twombly*, 550 U.S. at 555. There is nothing to suggest the defendants knew each other or were acting in concert. Further, "conspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir.2000). I recommend that Kirk not be allowed to proceed on a conspiracy claim because he does not state a First Amendment access to the courts claim or any other constitutional claim. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) ("A

prisoner asserting a denial of access claim must show actual injury in the form of interference with a nonfrivolous legal claim.").

Even if I construed Kirk's criminal case as his nonfrivolous legal claim for these purposes, he was represented in that case (and counsel could access the court on his behalf). Also, any such claim would likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff may not maintain a § 1983 action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. *Id.* at 487.

Finally, in his motion to alter judgment, Kirk argued that I made legal errors in determining that his complaint failed to state a claim. He suggested that he could proceed against the public defenders and investigators, even though they are not state actors, because they conspired with state actors and were not acting in their traditional functions. However, Kirk did not indicate in his complaint who the state actors were with whom the public defenders and investigators conspired.

Kirk also broadly suggested that all of the defendants conspired to cover up facts and evidence about Alexia Bunzel's traffic stop and the no knock warrant for Kirk's residence. Again, though, these are the kind of "[v]ague and conclusory allegations of the existence of a conspiracy" that are "not enough to sustain a plaintiff's burden." *Evers v. Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001) (citing *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000)). As in *Evers*, Kirk invoked the term "conspiracy" numerous times, but "he [does] not specifically allege the 'what, when, why, and how' of the defendants' supposed

agreement to deprive him of his constitutional rights." *Evers*, 21 Fed.Appx. at 250 (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000)).

Kirk insisted that he has more than just broad allegations of conspiracy; he listed acts that said were done in furtherance of the conspiracy. Nevertheless, those acts (things he says his criminal defense attorneys failed to do) do not suggest any meeting of the minds with the state actors he named as defendants, who are employees at the Record Counter at the Kenosha County Public Safety Building and the Kenosha Police Department. The plaintiff does not allege any communications between or among his criminal defense attorneys and the Record Counter employees his son dealt with or the police lieutenant who responded to Kirk's open records request.

In his complaint, Kirk said that the defendants had an "express or implied agreement to deny the plaintiff effective, meaningful, and adequate access to the State trial court . . . ." (Complaint, ¶ 99). Yet "[a] complaint consisting of nothing more than 'naked assertion[s] devoid of further factual enhancement,' must be dismissed for failing to meet the requirements of Rule 8." *Walton v. Walker*, 364 Fed.Appx. 256, 258 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). These are just the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice." *Iqbal*, 556 U.S. at 678.

Kirk cannot transform his complaints about his criminal defense attorneys into a § 1983 claim by saying the word "conspiracy" and citing trouble he had obtaining public records. If Kirk truly believes that the actions of his attorneys and their investigators led to his criminal conviction, his recourse would be a legal malpractice claim in state court or an

7

ineffective assistance of counsel claim in a petition for a writ of habeas corpus, not a § 1983 action.

## RECOMMENDATION

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 14th day of August, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge