# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES L. KIRK,

    Plaintiff,

v.

TERRY ROSE, DIANE CASPARI, AILEEN HENRY, HEATHER JOHNSON, MICHAEL BARTH, DOUGLAS BIHLER, PAUL BONNESON, ART HERBST, PETER PERALES, JANE DOE 1, NICOLE HEROLT, and BRAD HETLET,

    Defendants.

Case No. 16-CV-799-JPS

**ORDER**

    Plaintiff, who is incarcerated at Jackson Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). He consented to the jurisdiction of Magistrate Judge Nancy Joseph, who screened his complaint pursuant to 28 U.S.C. § 1915A and dismissed it. (Docket #11). Additionally, she later denied Plaintiff's motion to alter the judgment under Federal Rule of Civil Procedure 59(e). (Docket #19).

    Plaintiff appealed. (Docket #20). On July 31, 2017, the Court of Appeals vacated the dismissal of his action in light of *Coleman v. Labor and Industry Review Commission of the State of Wisconsin*, 860 F.3d 461 (7th Cir. 2017), which held that magistrate judges may not dispose of claims in cases like this one, where only one side has consented to the magistrate's jurisdiction. (Docket #29).

On August 14, 2017, Judge Joseph reissued her earlier screening order, with the addition of her opinion addressing Plaintiff's motion to alter the first judgment, as a report and recommendation to this Court. (Docket #30). Judge Joseph recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 4–7.

On August 31, 2017, Plaintiff filed his objections to the report and recommendation. (Docket #31). This Court reviews a party's specific written objections to a report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). Plaintiff's objections, while numerous, are not persuasive. They consist of his conclusory accusations that Judge Joseph got essentially everything wrong. What is lacking is citation to pertinent, controlling authority showing that an error occurred.

Plaintiff's primary objection is that Judge Joseph set too high a bar for his civil conspiracy claim. In that claim, he argues that numerous state and non-state actors, including Plaintiff's criminal defense attorneys hired by the state public defender to represent him, private investigators, records clerks, the district attorney, and others acted in concert to deny him the ability to challenge certain matters in a state criminal prosecution. *See* (Docket #31-1 at 1–2). But, as Judge Joseph pointed out, Plaintiff's factual allegations do not remotely establish that these individuals knew each other or worked together in any way to deprive Plaintiff of his rights. (Docket #30 at 6–7). Instead, he offers only vague assertions of a conspiracy. *Id.* This does not meet even the liberal standard applied at screening. *See Beaman v. Freesmeyer*, 776 F.3d 500, 511 (7th Cir. 2015) (although a plaintiff can use circumstantial evidence to establish a conspiracy, "such evidence cannot be speculative").

In particular, in order to support the parties' meeting of the minds as to the conspiracy, Plaintiff claims that Defendants had an "express or implied agreement to deny plaintiff effective, meaningful, and adequate access to the State trial court." (Docket #1 at 30). This is a legal conclusion and provides no factual account of how the supposed co-conspirators might have agreed to act in concert to violate Plaintiff's constitutional rights. *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001). Baldly claiming, as Plaintiff does, that all parties knew of the misdeeds of the others, (Docket #31-1 at 6–7), does not raise his conspiracy claim above the speculative level, *Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, although he emphasizes throughout each individual's acts of alleged wrongdoing, as Judge Joseph observed, those acts, standing alone, do not suggest a meeting of the minds as to the object of the conspiracy, which is the crux of such a claim. *See* (Docket #30 at 7); *Adickes v. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

Put simply, while Plaintiff is correct that the federal pleading requirements are low, *see* (Docket #31-1 at 14–15), his complaint nevertheless falls short. Consequently, the Court, having made an independent review of the applicable law and the record in this case, finds that Plaintiff's objection as to this portion of Judge Joseph's report and recommendation must be overruled.

The failure of the conspiracy claim becomes a cascading problem for Plaintiff's other allegations. First, without a conspiracy between his private criminal defense attorneys, their investigators, and any state actors, any claims against those private individuals must be dismissed, as Judge Joseph found. (Docket #30 at 4); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Second, Plaintiff has not alleged that any of the state actors' conduct

actually interfered with his pursuit of a nonfrivolous legal claim; he was represented in his criminal case and was not barred from filing any other action. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); (Docket #30 at 5–6). Third, while Plaintiff says that his claim arising from his son's inability to obtain his "rap sheet" from Kenosha County records clerks should be permitted to proceed, (Docket #31-1 at 2), he does explain why Judge Joseph's view of the claim—namely, that it did not implicate any of Plaintiff's federal constitutional rights—is wrong, (Docket #30 at 4). Simply saying that the magistrate erred, without meaningful elaboration, is not an objection this Court will take seriously.

Finally, as all claims implicating the jurisdiction of this Court have been dismissed, the Court will also decline to exercise supplemental jurisdiction over Plaintiff's state law intentional infliction of emotional distress claims. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if the district court "has dismissed all claims over which it has original jurisdiction"). Thus, the Court adopts Judge Joseph's report and recommendation in full, and as a result, Plaintiff's complaint will be dismissed.[1]

---

[1]Judge Joseph noticed that Plaintiff alleged misconduct in relation to an open-records request under Wisconsin law. (Docket #30 at 5). In his objections, Plaintiff maintains that he is not trying to state a claim under the open-records law but is instead trying to show how individuals acted as part of the conspiracy. (Docket #31-1 at 3). The Court takes Plaintiff at his word and declines to address any potential open-records claim further.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #31) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #30) be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge